IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JENNY LOWERY, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>1. ASCENSION AT HOME, a domestic limited liability company<br><br>2. COMPASSUS, a foreign limited liability company<br><br>  Defendants. | CASE NO.: 22-cv-00488-CVE-JFJ<br><br>ATTORNEY'S LIEN CLAIMED FOR THE FIRM |

## COMPLAINT

**COMES NOW** the Plaintiff, Jenny Lowery (hereinafter "Plaintiff"), by and through her attorneys of record Bryan Lower of *Armstrong Law Firm, P.L.C.* and hereby submits the following *Complaint* against the Defendants, Health at Home Bartlesville, LLC, Ascension at Home, St. John Home Care, LLC, and Capassus. (hereinafter "Defendants"). In support thereof, Plaintiff would respectfully show as follows:

### PARTIES, JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the common law of the State of Oklahoma.

2. Plaintiff was at all times relevant to this action employed by Defendant within the Northern District of Oklahoma.

3. Plaintiff was at all times relevant to this action domiciled in and a citizen of the State of Oklahoma.

4. Defendant was at all times relevant to this action a Oklahoma corporation which maintained an office in Washington County in the State of Oklahoma.

5. Plaintiff was at all times relevant to this action an employee as that term is defined by Title VII of the Civil Rights Act.

6. Defendant is, and was at all times relevant to this action, an employer as that term is defined by Title VII of the Civil Rights Act.

7. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States, and pursuant to the doctrine of pendent jurisdiction.

8. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Northern District of Oklahoma as a substantial portion of the events or omissions giving rise to this claim occurred in the Eastern District of Oklahoma.

9. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Office of Civil Rights Enforcement ("OCRE"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC and the OCRE. The OCRE completed its investigation and issued a Notice of Right to Sue on September 15, 2022 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

## OPERATIVE FACTS

10. On April 29, 2021, Plaintiff was recuited as remote patient care coordinator with Compassus, AKA Ascension at Home, AKA, St. John Home Care, AKA Health At Home Bartlesville.

11. In late July, 2021, Ascension put in place a vaccine mandate for those working in the hospital. Plaintiff worked for Compassus, but she was concerned that Ascension's policy would impact her position.

12. Plaintiff believes that taking the Covid vaccine violates her religious beliefs. It is her sincere religious belief that the Covid vaccine used aborted fetal tissue in either the production or development of the vaccines. Taking the vaccine violates her sincerely-held religious beliefs regarding the use of aborted tissue.

13. Due to her concerns, Plaintiff reached out to her supervisor, Leslie Ruckman, regarding the vaccination policy. On two separate occasions, Leslie Ruckman represented to Plaintiff that the vaccination was a personal choice.

14. On July 28th, 2021, Leslie Ruckman wrote an email to the Bartlesville team that "you do NOT have to be vaccinated to return to work."

15. In September, 2021, another unvaccinated Compassus/Ascension employee, Jacqueline Renfro, who was working inside Ascensions property, received a secret accommodation for her unvaccinated status, though she did not receive a religious or medical exemption.

16. On September 15, 2021, Plaintiff received an email from a scheduler in the Tulsa office stating that the company was requiring religious exemptions to be sent in by September 17, 2021. Plaintiff noted that the email was not sent to her, and was not from Human Resources or her manager. The email seemed to indicate religious exemptions were available, but not that the vaccine was mandatory. The email included a link and a form for the exemption. The form indicated that if an employee signed, and the exemption were not granted, the employee was agreeing to be terminated.

17. Plaintiff called Leslie Ruckman about the email. She seemed unaware of the link and the form, and had not forwarded the information to her staff in Bartlesville. She said she "wouldn't sign them," there was no vaccine mandate, and don't bother filling them out.

18. Plaintiff did not want to miss the very narrow window the company provided to apply for the religious exemption, so she sent Human Resources a letter from her church. Defendant was thus notified that Plaintiff needed a religious exemption. Plaintiff let Ms. Ruckman know of her actions, and again Ms. Ruckman represented to Plaintiff that there would be no mandate.

19. On September 28, Plaintiff received a reply from Defendant, which directed her to fill out the internal form for exemption. The email acknowledged Plaintiff's reluctance to sign a document that consented to being fired if the exemption were not approved. The email also stated that there was no mandate in place for our state, we would not need an exemption at this point, but that could be subject to change.

20. On October 8, 2021, Plaintiff received an email from Defendant stating the company was mandating vaccines. Employees would need to be vaccinated or get a religious or medical exemption before November 12, 2021, or they would be suspended for two weeks. At the end of two weeks, employees who hadn't received the vaccine would be terminated.

21. From that point, employees received multiple inquiries from Ms. Ruckman about their vaccination status, but Plaintiff received no response on her religious exemption for nearly three weeks.

22. On October 8, 2021, Plaintiff received an email from Kirsty Leyland stating "Ascension has confirmed they will not review, process or approve any medical or religious exemptions for post-acute facility representatives. All Compassus representatives entering Ascension facilities will need to be vaccinated from November 12, 2021.

23. On October 13, 2021, Ms. Ruckman represented to Plaintiff that schedulers did not need to get tested because they were not patient-facing.

24. On October 14, 2021, Plaintiff emailed her exemption request a second time, including a supplemental questionnaire, to the Covid-19 Religious Exemption Committee along with a six-page position paper produced by her church. Plaintiff also indicated that a reasonable accommodation would be to allow her to stay in current remote position, with no patient or co-worker contact.

25. On October 22, 2021, Plaintiff spoke to Ms. Ruckman on the phone, who stated that Plaintiff needed the vaccine, and their office was rented out of an Ascension property, and Ascension was not accepting religious exemptions. Ms. Ruckman also stated that Plaintiff had to come back and work in the office.

26. On October 23, 2021, Plaintiff was forwarded an email from Holly Blevins that was sent by Leslie Ruckman, stating that clinicians would no longer have to be vaccinated by November 12, 2021. As long as they did not enter Ascension's property unvaccinated, they could enter patients' homes. Plaintiff followed up with Ms Ruckman, but was informed that this change did not apply to office staff.

27. On November 2, 2021, Plaintiff was excluded from a meeting about changes that would affect her position, in apparent retaliation for Plaintiff's request for a religious exemption.

28. On November 3, 2021, Plaintiff received an email from Joshua Newcomb, which included a response from Kirsty Leyland, Senior Vice President, Chief Human Resources Officer. The response stated that Compassus would be accepting medical and religious exemption, but in some states and Ascension facilities those exemptions would not be honored. Local leadership would determine how to accommodate religious exemptions. Plaintiff reached out to her local leader, Ms. Ruckman, regarding accommodation for her religious exemption. Ms. Ruckman did not reply.

29. On November 4, 2021, Plaintiff received a generic email stating her exemption had been approved, and she qualified for a $200 vaccination bonus. At no time did Plaintiff receive the bonus.

30. By November 11, 2021, Plaintiff had received no communication from Defendant regarding her religious exemption. Plaintiff emailed Defendant's management personnel. Kathy Reeder, the Business Officer Coordinator, contacted Plaintiff and stated she was not aware of the status of Plaintiff's application, and she was unaware of any pending suspensions for November 12.

31. At this time, another employee, Chloe Hope, was allowed to work remotely to accommodate her unvaccinated status.

32. On November 12, 2021, Plaintiff received an email from Leslie Ruckman stating Plaintiff had one more day to work before her suspension started.

33. On November 17, 2021, Plaintiff received a forwarded email stating that the new date for vaccination or exemption for Compassus employees was January 4, 2022. The email stated that those with religious or medical exemptions would be required to test weekly and wear a mask in the office. Those accommodations were not offered to Plaintiff.

34. On December 13, 2021, Plaintiff was informed that a co-worker had taken over her position.

35. On December 15, 2021, Plaintiff work computer login did not work. She attempted to file an unemployment claim, but Plaintiff's income was not reported to the State of Oklahoma. Plaintiff's last two checks included Paid Time Off and holiday pay. Plaintiff was effectively terminated from employment by Defendant without a reply email or phone call from her supervisor.

## FIRST CLAIM FOR RELIEF
### (RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII)

36. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

37. By and through, but not limited to, the events described herein, Plaintiff's terms and conditions of employment were adversely affected due to the religious discrimination directed toward Plaintiff.

38. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

39. As a direct and proximate cause of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other pecuniary losses.

40. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages in Plaintiff's favor.

41. Plaintiff has been injured by the religious discrimination to which she was subjected and is entitled to compensatory and punitive damages and any other damages permitted under Title VII of the Civil Rights Act of 1964, as amended.

## SECOND CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

42. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

43. Plaintiff followed the proper procedures as an employee of Defendant in exercising her federally protected right to religious freedom as an employee in Defendant's employ.

44. Plaintiff requested a reasonable accommodation for her religious beliefs to the proper persons within the Defendant's management structure.

45. As a direct result of Plaintiff's complaint, Defendant altered the terms, conditions and/or privileges of Plaintiff's employment by, among other retaliatory acts, terminating Plaintiff's employment.

46. As a direct result of Plaintiff's requests, Defendant retaliated against Plaintiff for exercising her federally protected right to religious freedom.

**WHEREFORE**, premises considered, Plaintiff prays for a declaration that the conduct engaged by the Defendant was in violation of Plaintiff's rights; for an award to Plaintiff for the equitable relief of lost wages, an award of compensatory damages to compensate Plaintiff for the emotional distress, mental anguish and humiliation she has suffered, and an award of punitive damages to punish Defendant for its violations of federal and state law, all in excess of One Hundred Thousand Dollars ($100,000.00); award Plaintiff her costs and expenses, including a reasonable attorney's fee, as provided for by applicable law; award an assessment of damages to compensate for any tax consequences of this judgment; and for any such further legal or equitable relief this honorable Court deems just and proper.

Respectfully submitted,

**ARMSTRONG LAW FIRM, P.L.C.**

By: _s/ Bryan Lower_
**Bryan Lower, OBA #32054**
2727 E. 21st Street, Suite 505
Tulsa, Oklahoma 74114
(918) 582-2500 – Telephone
(918) 583-1755 – Facsimile
blower@crarmstronglaw.com
*Attorneys for Plaintiff*